NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUAN V., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY,
J.V., E.V., *Appellees.*

No. 1 CA-JV 16-0113
FILED 9-13-2016

Appeal from the Superior Court in Maricopa County
Nos.  JD16257
JD18172
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

¶1 Juan V. ("Father") appeals from the superior court's order terminating his parental rights to his two daughters. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Father and a woman not a party to this appeal are the parents of two daughters, one born in 2014 and the other in 2015. Both girls were born substance-abused and were taken into custody of the Department of Child Safety ("DCS") soon after their births.

¶3 Father, 30 years old at the time of the severance trial, first began using marijuana at the age of nine or ten. He testified he used marijuana every other day until he stopped using in 2012. He pled guilty to possession of marijuana in 2012 and was placed on two years' probation. In 2014, he pled guilty to possession of drug paraphernalia and was placed on two years' probation, to run concurrently with his initial probation term. After DCS took custody of his older daughter, DCS offered Father various services, including substance-abuse assessment and treatment through TERROS, random drug testing through TASC, psychiatric and psychological evaluations, parent-aide services and supervised visits. Father substantially failed to participate in services. Most significantly, during the first six months of 2015, he provided only 10 of 25 mandatory drug tests. During that time, three times he tested positive for opiates, which he attributed to having taken pain-killers he borrowed from a friend. Because of his failure to participate in drug testing, TERROS closed out referrals for him in November 2014 and April 2015. Father also failed to attend three scheduled psychological evaluations.

¶4 After the younger daughter was born in August 2015, DCS continued to try to provide substance-abuse and drug-testing services to Father. Father did not engage in the services, causing TERROS to close out his third referral; TASC also closed his referral.

¶5 After a trial in February 2016, the superior court issued an order terminating Father's rights to both children on grounds of substance

abuse and nine months' time in care.  We have jurisdiction of Father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 8-235(A) (2016), 12-2101 (2016) and Arizona Rule of Procedure for the Juvenile Court 103A.[1]

## DISCUSSION

**¶6**        The right to custody of one's child is fundamental but not absolute.  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000).  The superior court may terminate a parent-child relationship upon clear and convincing evidence of at least one of the statutory grounds set out in A.R.S. § 8-533(B) (2016).  *Michael J.*, 196 Ariz. at 249, ¶ 12.  Additionally, the court must find by a preponderance of the evidence that termination is in the child's best interests.  *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).  We review a termination order for an abuse of discretion.  *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).  Because the superior court is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them.  *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

**¶7**        Pursuant to A.R.S. § 8-533(B)(3), the court may terminate the rights of a parent who is "unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."

**¶8**        Father argues he has not used marijuana since 2012, and that the superior court mistakenly understood him to say that at the time of trial, he used marijuana every day.  He also argues that the only times he tested positive for drugs during the dependency and severance proceedings were the occasions on which he took a friend's pain-killers.  Notwithstanding Father's arguments, reasonable evidence supported the superior court's finding that he has a history of chronic drug abuse and that it would continue for a prolonged period.  Father repeatedly disregarded opportunities to resolve his drug issues.  His contention that he no longer uses drugs is belied by the fact that he missed more random drug tests than he took during these proceedings and, as noted, he abused a friend's prescription drugs.  Furthermore, at trial, Father denied he had a drug

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

problem and minimized the effects his drug use had on his family. Based on Father's record, the case manager testified Father had not remedied his drug use, his drug abuse would continue for a prolonged indeterminate period and that in the meantime, absent termination, his children would be at risk.

**¶9** Under the circumstances, Father's failure to demonstrate that he could and had abstained from drug use, combined with the evidence recounted above, supports the court's finding of the statutory ground for severance based on clear and convincing evidence. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010). Because we affirm the court's termination order based on chronic drug abuse, we need not consider its order of termination based on time in care.

## CONCLUSION

**¶10** For the reasons stated above, we affirm the superior court's order terminating Father's rights to his two daughters.



AMY M. WOOD • Clerk of the Court
FILED: AA

4